MILLS, Judge.
The former husband seeks review of the trial court’s order partially denying his petition for modification of his child support obligations. We affirm.
These parties were divorced on 1 February 1988. There were three children born of the marriage. Husband was awarded custody of his twin daughters. Wife was awarded custody of the youngest child, also a daughter. Husband was ordered to pay $150 per month to support his youngest child, but wife was not ordered to pay any money in support of the older twin daughters.
On 2 August 1983, wife filed a motion for contempt, alleging that husband was in arrears on his child support obligations. Husband responded by filing a petition for modification in which he sought to cancel altogether his obligation to support the youngest daughter.
Following a hearing on both motions, the trial court found husband in contempt because of his failure to pay the $650 in accrued child support. The court also granted in part husband’s petition for modification by reducing his monthly support obligations to $135 per month. This appeal by husband ensued.
In order to obtain a modification of child support obligations, the party seeking modification must demonstrate that there has been a substantial change of circumstances since the entry of the order awarding support. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981). Decisions on the issue of modification of child support rest in the sound discretion of the trial court, and such decisions will not be disturbed on appeal absent a clear abuse of discretion. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). We find no abuse of discretion in the instant case.
The only basis which husband had for seeking modification was that he could not afford to provide the twins with the standard of living to which they had become accustomed if he was obligated to support his youngest daughter. We believe it is unrealistic for husband to think that two households can be maintained as cheaply as one. Given a fixed number of dollars coming to the former spouses, there almost has to be some reduction in the standard of living formerly enjoyed by the family.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.