WOLF, Judge.
Colleen Gurene appeals from an order granting her former husband’s motion for modification of child support. Appellant alleges the following: (1) There was insufficient evidence of a material involuntary *292 change of circumstance to support modification, and (2) the trial judge incorrectly deferred action on her request for entry of an income deduction order. We affirm as to issue one and reverse as to issue two.
We find that the trial judge did not abuse his discretion in determining that the loss of income incurred by the father constituted a substantial change in circumstances which justified an adjustment of child support. Andrews v. Andrews, 448 So.2d 1233 (Fla. 1st DCA 1984).
Section 61.1301, Florida Statutes, provides for the entry of income deduction orders in cases involving modification of child support. In pertinent part, the statute provides, “The income deduction order is effective immediately unless the court upon good cause shown finds that the income deduction order shall be effective upon a delinquency in an amount equal to 1 month’s support.” § 61.1301(l)(c) (1989). There was no finding of good cause in the instant case. In addition, there is no statutory authority for the trial court to defer entry of such an order. See Almodovar v. Gonzalez, 573 So.2d 380 (Fla. 3rd DCA 1991).
Affirmed in part, reversed in part, and remanded with directions to enter an order consistent with this opinion.
ERVIN and ALLEN, JJ., concur.