629 So.2d 1044 (1993)
Donna G. CLOWDIS, f/k/a Donna Ray, Appellant,
v.
Garry E. EARNEST, Appellee.
No. 93-00700.
District Court of Appeal of Florida, Second District.
December 29, 1993.
*1045 Sheryl D. Snodgrass of Carlton & Carlton, P.A., Lakeland, for appellant.
Michael H. Willison, Lakeland, for appellee.
PARKER, Judge.
Donna G. Clowdis appeals the final order modifying child support. We agree that the trial court erred in the amount ordered for monthly child support and reverse.
In 1992 Clowdis filed a petition for child support pursuant to Chapter 88, Florida Statutes (1991), the Uniform Reciprocal Support Enforcement Act (URESA). In the petition, Clowdis alleged that in 1979 the trial court ordered child support in the dissolution action of Clowdis and Garry E. Earnest in the amount of $60 per week for three children. She further alleged that there had been a substantial change in circumstances and requested an upward modification in the amount of child support.
Earnest filed an answer which stated that he was current in his child support and that the oldest child of the parties was eighteen years old and was residing with him. In addition, the husband stated that he had remarried and had a child born of that marriage. Earnest denied that there had been an increase in the needs of the children or in his ability to pay child support. The trial court found that there had been a substantial change in circumstances warranting an increase in child support. The trial court awarded an increase in child support of $75 per week; however, in doing this, the court departed below the child support guidelines of $136 per week. The trial court stated that it would be unjust or inappropriate to utilize the child support guidelines, listing the following reasons:
3. The Court finds the Respondent now has three (3) minor children for which he owes a legal duty of support, not including his eighteen (18) year old daughter of his marriage to the Petitioner, who now resides with him.
4. The Court finds an adjustment to guideline support is needed to achieve an equitable result pursuant to Section 61.30(10)(i) based upon the Respondent's present financial condition including the fact he is contributing to the support of a minor child born during his re-marriage as well as for the eighteen (18) year old child of the parties; and the fact the Respondent has been previously foreclosed from visitation during the summer months and the accompanying reduction of court-ordered support.
Clowdis argues that the trial court erred by taking into consideration that Earnest is supporting their adult daughter and that the court gave him credit for "foreclosed visitation" during the summer months.
Pursuant to section 61.30(10)(i), Florida Statutes (1991), the trial court can make adjustments to achieve an equitable result. According to the final judgment of dissolution, support for the children would continue until each of the children reached eighteen, married, died, or became self-supporting. We conclude that it was error to consider the needs of the adult child because "a parent's legal duty to support children ceases at the age of majority absent a finding of dependency after majority." Angle v. Angle, 506 So.2d 16, 17 (Fla. 2d DCA), review *1046 denied, 513 So.2d 1060 (Fla. 1987).[1] There is no evidence in the record before us regarding whether this adult child is dependent. However, it was not error for the court to take into consideration support needed for the minor child of Earnest's second marriage. See Short v. Short, 577 So.2d 723 (Fla. 2d DCA 1991).
Additionally, the court erred by reducing the support based on the fact that Earnest was denied visitation and the accompanying reduction in court-ordered support. There is nothing in the record to support the fact that Earnest was entitled to a reduction in child support. The final judgment does not provide for this factual situation. Furthermore, Earnest never filed a motion for modification based on the fact that Clowdis denied him visitation. Accordingly, it was error for the court to award him this credit. See Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). See also State, Dept. of Health & Rehabilitative Services v. Carwell, 524 So.2d 484 (Fla. 2d DCA 1988).
We, therefore, reverse and remand this case to the trial court with directions to set the child support amount in accordance with the child support guidelines, taking into consideration that Earnest does have an obligation to support the minor son from his second marriage.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] While it is unrealistic to mandate that child support must cease when a child turns eighteen years old, especially when it is almost impossible for high school graduates to find work without a college education which enables them to become self-supporting without their parents' assistance, the legislature has determined that a parent's duty to support a child after age eighteen is a moral duty rather than a legal duty. See Grapin v. Grapin, 450 So.2d 853, 854 (Fla. 1984).