657 So.2d 958 (1995)
Kathryn A. ROBINSON, Appellant,
v.
John W. ROBINSON, Appellee.
No. 94-3833.
District Court of Appeal of Florida, First District.
July 19, 1995.
*959 Fran L. Frick, Pensacola, for appellant.
Gordon Edward Welch, Pensacola, for appellee.
WOLF, Judge.
Kathryn Robinson appeals from a final order modifying a final judgment of dissolution of marriage. Appellant argues that (1) the trial court erred in failing to enter an income deduction order for the payment of child support and alimony, (2) the trial court abused its discretion in failing to award the increased child support retroactive to the date of the petition for modification, and (3) the trial court erred in failing to award child support in accordance with the child support guidelines. We reverse as to all three issues.
An income deduction order must be entered when there has been an order establishing or modifying child support or alimony, and this order is effective immediately unless the trial court finds good cause to delay entry of the order until there is a delinquency in an amount equal to one month's support. Gurene v. Gurene, 575 So.2d 291 (Fla. 1st DCA 1991). We, therefore, reverse and remand for the trial court to enter an income deduction order and to redetermine if good cause exists to delay the effectiveness of the order in accordance with section 61.1301(1)(c), Florida Statutes (1993).
*960 We also determine that the trial court abused its discretion in failing to make the order granting increased child support retroactive to the date of the filing of the petition for modification because the undisputed evidence demonstrates the need for support, and the husband's ability to pay existed at the time of the filing of the petition. Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992).
We find also that it was an abuse of discretion for the trial court to deviate from the child support guidelines because the reasons given for the deviation were legally insufficient. The first reason given by the trial court for deviating from the guidelines was that the husband had a baby to support with his new wife. Section 61.30(12), Florida Statutes (1993), states,
The existence of such subsequent children should not as a general rule be considered by the court as a basis for disregarding the amount provided in the guidelines... .
We are unable to find any case which interprets this language which was added to the section on child support guidelines by chapter 93-208, Laws of Florida.[1] We feel, however, that we must give some meaning to the phrase "subsequent children should not as a general rule be considered," when deviating from the guidelines. It would appear that there was a legislative recognition that parties should be aware of their support obligation to existing children, and should take that into account prior to assuming further obligation.[2] We, therefore, hold that absent some special circumstance, the presence of a subsequent child will not justify a deviation from support guidelines.[3] In the instant case, the judge did not refer to any special circumstance which would justify the deviation.
The trial court also assigned as reasons for departing from the guidelines the temporary nature of the former husband's net monthly income in California, and the high cost of living in California. While the high cost of living in California may have been a valid consideration, the trial court incorrectly allowed a deduction for off-base living expenses and also incorrectly failed to consider a salary increase received by the husband when he received a promotion. The only temporary pay the husband was receiving in California was the VHA pay which is given to military members to offset the higher cost of living in certain areas. This amount may be adjusted when the husband moves, if he moves to an area with a lower cost of living. Thus, such a decrease should be offset by the lower cost of living. The other money the trial court referred to was the husband's housing allowance, which he will continue to receive at his new assignment if he lives off base. If the husband lives on base in New Orleans, his pay will be reduced, but he will have no rent or utilities which could mean he actually has more income at that time. He will also continue to receive his present salary which was increased when he was promoted to commander. If he lives off base, his net income will be comparable to what he is currently receiving in California.
Because the trial court failed to use proper figures in the computation of child support according to the guidelines, we reverse and remand for further proceedings consistent with this opinion.
WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] In Hutslar v. Lappin, 652 So.2d 432 (Fla. 1st DCA 1995), this court dealt with the issue of children who were born prior to the child who was subject of the support litigation, an issue not covered by this subsection.
[2] We are not unmindful that the subsequent child should not be punished for the irresponsibility of the parent, and the issue of the total unavailability of income to support the subsequent child is a factor that the trial judge may consider in applying the support guidelines.
[3] For instance, a disability or other circumstance which would require greater than normal financial support for the subsequent child.