PER CURIAM.
Appellant seeks review of an order entered in response to a motion seeking an increase in appellee’s child support obligation. M-though the evidence established a presumptive monthly obligation of $265.35 pursuant to the child support guidelines ($190.35 more than appellee had previously been ordered to pay), the trial court increased appellee’s monthly obligation by only $50.00, to $125.00. This significant downward departure from the presumptive guidelines amount was based upon findings that appellee had “a dependent father with Alzheimer’s living at home” and had “remarried” and “ha[d] another family.” Assuming (without deciding) that either or both of those findings would be sufficient to sustain the action of the trial court were they supported by competent, substantial evidence, we are able to find no such evidence in the record. There is evidence that appellee’s father was disabled and living with appellee. However, there is no evidence that the father was financially dependent upon appellee. See § 61.30(ll)(c), Fla.Stat. (Supp.1994). Similarly, while there is evidence that appellee was married, there is no evidence that he and his present wife had any children. See § 61.30(12), Fla.Stat. (Supp.1994). Because there is no evidence in the record to support the trial court’s reasons for a downward departure from appel-lee’s presumptive monthly obligation pursuant to the child support guidelines, we reverse, and remand with directions that the trial court enter an order setting appellee’s monthly child support obligation at $265.35, retroactive to December 1,1994, the effective date established by the order on appeal.
*386 REVERSED and REMANDED, with directions.
BOOTH, MINER and WEBSTER, JJ., concur.