675 So.2d 952 (1996)
Howard Robert HICE, Jr., Appellant,
v.
Janis Debora PACE, Appellee.
No. 95-464.
District Court of Appeal of Florida, First District.
April 12, 1996.
David A. Sims of Doss & Sims, P.A., Altamonte Springs, for appellant.
No appearance by appellee.
WOLF, Judge.
Howard Robert Hice, Jr. appeals from a final judgment of paternity which also awarded child support. Appellant raises a number of issues two of which merit discussion: (1) Whether the trial court erred in awarding an upward departure from the child-support guidelines and awarding retroactive child support without making a specific written finding of special needs of the child, and (2) whether the trial court erred in setting child *953 support at $300 per month for the purpose of determining retroactive support from September 1989 through August 1993.[1] We find merit as to both issues, and reverse.
Brian Robert Pace was born to Janis Pace and Howard Hice, the parties in this case, on July 19, 1984. Appellee filed a complaint to determine paternity on September 1, 1993. In her complaint, she asked, among other things, for the court to order the father (1) to pay temporary and permanent child support in accordance with section 61.30; (2) to pay retroactive child support; (3) to maintain life insurance on his life, naming the child as a beneficiary; and (4) to contribute the plaintiff's attorney's fees and costs for this action.
Appellant is the father of four children, including Brian. Two of these children, Jennifer and Matthew, were born from a previous marriage prior to the birth of Brian, and another, Michael, was born from a marriage subsequent to Brian's birth. Appellee testified that appellant had agreed to pay child support when the child was born, and did so until the child was no longer in day care when he unilaterally reduced the support payment.
The final judgment of paternity made the following findings:
The Defendant's gross monthly income is $5,141.68. To arrive at his net income in order to determine guideline child support, the following deductions are allowed:

1. Federal income taxes $1,143.44
2. Social Security $ 393.84
3. Child support re: Mary Hice (2
 children) $1,137.43
4. Child support regarding Pilar Hice
 (1 child) $ 615.00
 TOTAL DEDUCTIONS $3,289.61

The sum of $360 [sic] net per month should be added to his net income to reflect the $3,600.00 additional income not on the Defendant's Financial Affidavit that was disclosed at the hearing. Therefore, the Defendant's net monthly income is $2,212.07 [sic].[2]
The Plaintiff's net monthly income is $2,609.42.
The guideline child support is $435.00 per month. However, the Defendant is paying $615 per month in the Pilar Hice case for a child born after the child in the present case. That amount was stipulated to by the Defendant. It would be inequitable to order less child support in this case. Therefore, child support will be $615 per month retroactive to the date of the filing of the Plaintiff's Complaint, September 1, 1993. The amount due through October 31, 1994 would be $8,610.00. The amount paid was $1,792.00, leaving an arrearage of $6,818.00.
The $615 court-ordered payment would amount to an upward departure of approximately 41 percent from the guidelines. Appellant does not dispute the trial court's calculation of the guidelines amount.
The pertinent portion of section 61.30, Florida Statutes (1994), child-support guidelines, provides that after determining the guideline amount, the court may only vary more than five percent from said amount "only upon written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate."
In the instant case, the trial court's only reason for the departure was that appellant was paying $615 a month in child support to Michael, a child born subsequent to Brian. The trial court made no findings regarding the circumstances of the child support to Michael such as to special needs or the mother's income. There is nothing in the record which contradicts appellant's' claim that $600 was the guideline amount he had to pay for Michael, and that was why he agreed *954 to that amount in this final judgment of divorce.
Although there are no cases involving subsequent children as reason for an upward departure, there are several cases which have been reversed based on downward departures for subsequent children without written reasons or evidence of special circumstances or impairment of the parent's ability to meet the amount required under the guidelines. In Robinson v. Robinson, 657 So.2d 958 (Fla. 1st DCA 1995), this court found that it was an abuse of discretion for the trial court to deviate from the child support guidelines based on the fact that the husband had a baby to support with his new wife. The court noted that section 61.30(12), Florida Statutes (1994), states,
The existence of such subsequent children should not as a general rule be considered by the court as a basis for disregarding the amount provided in the guidelines....
The Robinson court was unable to find any case which interprets this language which was added in 1993. It went on to state,
We feel, however, that we must give some meaning to the phrase `subsequent children should not as a general rule be considered,' when deviating from the guidelines. It would appear that there was a legislative recognition that parties should be aware of their support obligation to existing children, and should take that into account prior to assuming further obligation. We, therefore, hold that absent some special circumstance, the presence of a subsequent child will not justify a deviation from support guidelines. In the instant case, the judge did not refer to any special circumstance which would justify the deviation.
Id. at 960 (footnote omitted). See also Barrs v. Barrs, 590 So.2d 980 (Fla. 1st DCA 1991) (fact that father had children from subsequent marriage was not proper basis for disregarding guideline amount absent evidence that support of child impaired father's ability to meet amount required under guidelines). The amount of support awarded to another child does not necessarily address factors pertinent to the support of this particular child. There is no indication as to the reasons for the determination in the other case. In addition, the amount awarded in the other case does not address the special needs of this child or the parties' ability to pay. The sole reason stated by the trial court for deviating the support payment to a subsequent born child did not constitute a valid basis for departure from the guidelines.[3]
The trial court also ordered the father to pay $300 a month from September 1989 until August of 1993.[4] The criteria for determining a child-support award, including retroactive child support, are the child's needs and the ability of each parent to pay. Richards v. Ryan, 655 So.2d 1184 (Fla. 1st DCA 1995). The trial court did not make any findings regarding the child's needs during this time, and the mother did not offer any evidence of this need. We are unable to ascertain how the trial court reached the $300 figure. We feel that this issue needs to be readdressed.
We, therefore, reverse the award of child support and remand for the trial court to conduct further proceedings as to this issue in accordance with this opinion.
BOOTH and BENTON, JJ., concur.
NOTES
[1] Appellant also asserts that the trial court erred in not requiring each party to pay their own attorney's fees. The trial court reserved jurisdiction to consider attorney's fees; thus, this issue is not ripe for appellate review, and will not be addressed in this opinion.
[2] The order actually miscalculated the $3,600 as $360 a month, reaching the erroneous total of $2,212.07. The correct amount should be $300 added to the net income to reflect net monthly income as $2,152.07. The court, however, correctly evaluated the guideline support for the $2,152.07 level to be $435, so the amounts in the order appear to be typographical errors.
[3] We would note, however, that we are not addressing whether a trial court could properly consider the excessiveness of voluntary payments in determining available income for guidelines calculation.
[4] While appellant challenges the amount of retroactive support from September 1993 until the final judgment, we find no error as to this amount except that it will have to be readdressed in accordance with our disposition as to issue one.