680 So.2d 1119 (1996)
Kimberlee MILLER-BENT, n/k/a Kimberlee Voigt, Appellant,
v.
Jerry Allen MILLER-BENT, Appellee.
No. 96-260.
District Court of Appeal of Florida, First District.
October 15, 1996.
*1120 Daniel F. Wilensky, Jacksonville, for appellant.
Edward M. Booth, Jr., Jacksonville, for appellee.
WOLF, Judge.
The former wife challenges a final order of the trial court modifying an award of child support. We find (1) that the trial court improperly calculated the amount of support due under the guidelines by giving the former husband double credit for health-insurance payments, (2) that the trial court improperly considered subsequent children in determining to decrease an existing award of child support, and (3) that the trial court abused its discretion by retroactively modifying child support to the date the former husband's petition for modification of child support was filed in Virginia. We, therefore, reverse and remand for the trial court to reconsider the petition for modification in accordance with this opinion.
On July 17, 1991, in Fairfax County, Virginia, the appellee was ordered to pay $730 per month for child support for the two minor children of the parties. On April 8, 1994, the former husband filed a petition for modification of child support in the Circuit Court of Fairfax County, Virginia, requesting a downward modification of child support. It is not apparent from the record whether or not the former wife was ever served with the petition. That petition was never heard by the Virginia court.[1]
On July 26, 1995, the former husband filed in Clay County, Florida, a "Petition to Establish Foreign Decree as Florida Judgment and to Modify the Final Decree," seeking to domesticate the Virginia order and also seeking modification of the child support obligation. The former husband's Florida petition for modification alleged a substantial change in circumstances in that his income had substantially decreased, he had moved to South Dakota, and both parties had remarried. He requested that the $730 per month child support be reduced to current Florida guidelines.
A hearing was held on November 20, 1995, following which the trial court ordered that the former husband's child-support obligation be reduced to $365 per month retroactive to April 8, 1994, the date that the former husband's earlier petition for modification had been filed in Virginia. The order found, among other things, that the husband's April 8, 1994, petition for modification in Virginia had not been heard by the Virginia court; that the former husband's July 26, 1995, order sought identical relief as that requested in his April 8, 1994, petition in Virginia; that the former husband had a net income of $1,777.72 per month and he paid $243.29 per month for health insurance.
On November 28, 1995, the former wife filed a "Motion for Relief from Order, Motion to Amend Order, and Motion for Rehearing," claiming that there was a mistake in the calculation of the guidelines support amount in that the $243.29 for health insurance was erroneously subtracted from the former husband's income thereby reducing his net income to an incorrect figure, that the health insurance cost should have been added to the basic child-support obligation before being given credit for it off of his share of the child support, and that the retroactive credit on the arrearage should only be given back to the date of the filing of the modification petition in Florida which was in July 1994. The court denied the former wife's motion for relief, based in part on the fact that the former husband had subsequent children to care for.[2]
Health-insurance payments are dealt with in two separate portions of section 61.30, Florida Statutes. In computing income available for child support, a party is allowed to deduct "[h]ealth insurance payments, excluding payments for coverage of the minor child." § 61.30(3)(e), Fla.Stat. (emphasis added). Payments made on behalf of the minor child, however, may be utilized as a credit against the support obligation pursuant to *1121 section 61.30(8), Florida Statutes. In calculating the guidelines amount in this case, the trial court deducted the full amount of health-insurance premiums from the former husband's gross income as well as giving a full credit for the same amount against the former husband's child-support obligations. Giving the husband credit for this amount in two separate calculations constituted error.
The trial court also erred in its consideration of the subsequently born children in this proceeding concerning downward modification. Section 61.30(12), Florida Statutes, prescribes to what extent subsequently born children may be considered in child-support proceedings. It mandates that subsequent children may not be considered in a downward departure case:
A parent with a support obligation may have other children living with him or her who were born or adopted after the subsequent obligation arose. The existence of such subsequent children should not as a general rule be considered by the court as a basis for disregarding the amount provided in the guidelines. The parent with a support obligation for subsequent children may raise the existence of such subsequent children as a justification for deviation from the guideline amount. However, if the existence of such subsequent children is raised, the income of the other parent of the subsequent child shall be considered by the court in determining whether or not there is a basis for deviation from the guideline amount. The issue of subsequent children may only be raised in a proceeding for upward modification of an existing award and may not be applied to justify a decrease in an existing award.

§ 61.30(12), Fla.Stat. (emphasis added). There is no legal basis for the consideration of subsequent-born children to justify a decrease in child support. The statute clearly forbids doing so.
The appellee cites Robinson v. Robinson, 657 So.2d 958 (Fla. 1st DCA 1995), to support his argument that the court's reasons for downward departure are sufficient. However, in Robinson, this court dealt with an upward modification in which the former husband was challenging an increase in child support award on the basis of the financial needs of subsequent children. The cases of Hice v. Pace, 675 So.2d 952 (Fla. 1st DCA 1996), and State, Department of Revenue v. Tucker, 661 So.2d 385 (Fla. 1st DCA 1995), also do not provide support for the former husband's position. In Hice, the court was dealing with an upward departure, and in Tucker, the court declined to address the legal sufficiency of the reasons for the downward departure because there was no evidence in the record to support the findings of the trial court. We, therefore, find that pursuant to the dictates of the statute the trial court erred in considering the subsequently born children as a reason for departure.
While the decision to make an award of a change in child support retroactive lies within the trial court's discretion, the trial court's decision in this regard was error. The court's award of the decreased amount of child support retroactive to the date of filing of the Virginia petition, April 8, 1994, constituted an abuse of discretion. There is no evidence that the husband actively pursued the Virginia proceeding or that the instant case is merely a continuation of that proceeding. Furthermore, at the hearing, the trial court did not seek or receive evidence as to the need for decreased child support or the lack of ability to pay which may have existed at the time of the filing of the Virginia petition. Therefore, based on the facts of this particular case, it was an abuse of discretion to modify the child support from the date on which the out-of-state petition was filed.
VAN NORTWICK and PADOVANO, JJ., concur.
NOTES
[1] On May 24, 1994, pursuant to an agreement of the parties, the Virginia circuit court entered an order requiring (among other things) the former husband to pay $6,570 in child-support arrears. It appears from the record, however, that the Virginia modification petition was not pursued.
[2] The order reads, "The motions are denied, the Court having considered the financial obligations of the Husband for two new children and the Wife's total lack of contribution financially to these children."