QUINCE, Judge.
The Florida Department of Revenue (the department) and Jeannine Powell, the child’s mother, challenge the trial court’s determination in a paternity action of a child support amount that is a downward departure from the guidelines. We reverse because the trial court abused its discretion in setting a child support amount that is more than a 5% deviation from the guideline amount and because the trial court’s reason for the deviation, support of a subsequent child, cannot be used as a factor in this initial proceeding to determine child support.
On November 1, 1994, the department on behalf of Ms. Powell filed a complaint to determine paternity. On November 29,1994, *351 Seott Feeney, the admitted father of the child, filed an answer and counterpetition requesting custody and support from Ms. Powell. Prior to trial of this matter, the parties stipulated to temporary support and visitation, and the stipulation was approved and ratified by the trial court on March 17, 1995.
Seott Feeney is an electrician’s helper earning $8.50 per hour, $1,462.00 per month.[1] At the hearing on May 2, 1995, Feeney acknowledged paternity of Ms. Powell’s child, born on July 7, 1987. He stated he is presently married with a one year old son. At the conclusion of the hearing, the trial court ordered Feeney to pay child support of $200.00 a month ($46.15 a week), a $38.00 downward departure from the child support guidelines. In addition, Feeney was ordered to pay $5.00 weekly toward the $1,089.50 paid in AFDC benefits plus a weekly depository fee of $2.05, for a total weekly payment of $53.20.
In its finding and final judgment of paternity the trial court stated, “The amount of support set hereinafter is a variance from the statutory guidelines calculation due to the Respondent’s obligation to support after-born children.” The department argues, citing section 61.30(12), Florida Statutes (1993), that the trial court should not have considered after-born children in this initial determination of child support. We agree and reverse.
Section 61.30(12), which was added to chapter 61 effective July 1, 1993, provides:
A parent with a support obligation may have other children living with him or her who were born or adopted after the support obligation arose. The existence of such subsequent children should not as a general rule be considered by the court as a basis for disregarding the amount provided in the guidelines. The parent with a support obligation for subsequent children may raise the existence of such subsequent children as a justification for deviation from the guidelines. However, if the existence of such subsequent children is raised, the income of the other parent of the subsequent children shall be considered by the court in determining whether or not there is a basis for deviation from the guideline amount. The issue of subsequent children may only be raised in a proceeding for an upivard modification of an existing award and may not be applied to justify a decrease in an existing award.
(Emphasis added.)
Our reading of this statutory provision leads us to the conclusion that the provision is only applicable in cases where there is an existing legal obligation of support, and then only in a proceeding for an upward modification of that obligation.[2] In Robinson v. Robinson, 657 So.2d 958 (Fla. 1st DCA 1995), the first district opined that even in modification cases there must be some special circumstances involved in order for the presence of a subsequent child to justify a deviation from the support guidelines. In a ease involving an initial determination of child support as part of a paternity action, the first district opined that a parent’s support of a subsequent child was not a valid basis for an upward departure from the support guidelines. Hice v. Pace, 675 So.2d 952 (Fla. 1st DCA 1996).
The trial court gave no reason, other than the support of a subsequent child, either on the record or in writing, for the deviation from the guideline amount. We have previously held the guidelines are mandatory unless the trial court complies with the provisions of section 61.30(l)(a), Florida Statutes (1993). See Boyt v. Romanow, 664 So.2d 995 (Fla. 2d DCA 1995). Since there are no valid findings justifying the guidelines deviation, the trial court’s order is reversed and remanded for a new determination on support. Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). The new child support determination must comply with the child support guidelines or there must be a valid written *352 finding which supports a deviation. Bullock v. Jones, 666 So.2d 224 (Fla. 2d DCA 1995).
DANAHY, A.C.J., and ALTENBERND, J., concur.

. Feeney also testified that his current wife, a health assistant at a high school, makes $7.00 per hour.

. This court in Clowdis v. Earnest, 629 So.2d 1044 (Fla. 2d DCA 1993), held a trial court may consider the support needed for a minor child of a subsequent marriage on a petition for an upward modification of support.