KLEIN, Judge.
This is an appeal from the denial of a petition for downward modification of child support. The appellant mother argues, and we agree, that this case presents an exception to the general rule that subsequent children are not a reason for courts to depart from guideline child support.
Appellant’s original child support was grounded on her ability to' earn $23,000 a year. Following that determination there was a change in the health of her subsequent daughter who had rheumatoid arthritis. Her daughter’s condition became so serious that the child is required to take steroids and chemotherapy treatments which have the side effect of suppressing the child’s immune system.
Appellant offered proof that her daughter’s physical condition has severely worsened, preventing her from attending school or daycare, that the needs of her child are so compelling that she is unable to work, that her daughter has been determined to be disabled for purposes of social security benefits, and that she and her husband had income of $7,652 for 1995 and have been receiving food stamps and other welfare assistance.
Section 61.30(12), Florida Statutes (1993) does not prohibit consideration of subsequent children, but rather provides that:
The existence of such subsequent children should not as a general rule be considered by the court as a basis for disregarding the amount provided in the guidelines, (emphasis added). '
In Robinson v. Robinson, 657 So.2d 958 (Fla. 1st DCA 1995), the first district reversed a trial court for deviating from the child support guidelines because the father had a baby with his new wife, but explained:
We therefore, hold that absent some special circumstance, the presence of a subsequent child will not justify a deviation from support guidelines.[3]
By placing the words “as a general rule” in the statute, the legislature indicated that the rule was not inflexible. The first district recognized that in Robinson, and this case fits precisely within the exception contemplated in the Robinson opinion. We therefore reverse and remand for further proceedings.
FARMER, and STEVENSON, JJ., concur.

 For instance, a disability or other circumstance which would require greater than normal financial support for the subsequent child, [footnote in original]