PER CURIAM.
Appellant seeks review of an order entered in response to a motion seeking an increase in Appellee’s child support obligation. Although the evidence established a presumptive obligation of $346.14 per month pursuant to the child support guidelines (63 percent more than what Appellee had originally been ordered to pay), the trial court did not increase Appellee’s monthly child support obligation. As one of its findings, the court noted erroneously that the father’s affidavit did not fully reflect his financial obligations in other child support cases. The court also concluded that the financial affidavits did not take into account the financial positions of the parties, particularly with respect to the effect of the federal dependency exemption on the mother’s income. However, the trial court did not make any specific findings regarding the actual dollar effect of the federal dependency exemption on the award of child support or on the mother’s income. Because there is no evidence in the record to support the trial court’s reasons for a downward departure from Appellee’s presumptive monthly obligation pursuant to the child support guidelines, we reverse and remand with directions that the trial court enter an order setting Appellee’s monthly child support obligation at $346.14, retroactive to August 5, 1997, the effective date established by the order on appeal. See Department of Revenue v. Tucker, 661 So.2d 385 (Fla. 1st DCA 1995).
WEBSTER and LAWRENCE, JJ., and SHIVERS, DOUGLASS B„ Senior Judge, concur.