KLEIN, J.
Appellant pays child support for five children, two from his first marriage and three from his second. In this proceeding he was moving for downward modification of child support for the children from his first marriage. He argues that the trial court erred under the guidelines, when the court refused to deduct child support for *361 the subsequent children from his gross income. We affirm.
When appellant’s first wife moved for an upward modification of child support, he responded by seeking a downward modification based on his obligations arising out of his second marriage. For the children of his first marriage, appellant is paying total child support of $1,259 a month. Appellant and his second wife agreed he would pay her child support of $3,323 a month and alimony of $400 a month, making a total obligation of $3,723 a month. This agreement is incorporated in a court order.
Section 61.30(3)(f), Florida Statutes (2005) provides that “court-ordered support for other children which is actually paid” is an allowable deduction from gross income for purposes of determining child support. Leaving aside the applicability of the statute, which is the entire basis of appellant’s argument, his problem is that, at the time he agreed to pay $3,323 a month in child support for his subsequent children, and $400 a month in alimony to his second wife, his net monthly income was only $4,482. The trial court concluded that the agreement with the second wife was not bona fide, and there is ample evidence to support that finding, since appellant’s child support and alimony payments totaled approximately $5,000, which was more than his net income. In addition, the agreement establishing child support and alimony in connection with the second marriage was made suspiciously close in time to the first wife’s petition seeking an increase in child support.
In Pohlmann v. Pohlmann, 703 So.2d 1121, 1125 (Fla. 5th DCA 1997), the court affirmed a denial of modification, suggesting that the husband and his second wife had attempted to “manufacture a substantial change in circumstances,” by attempting to use child support for subsequent children to reduce his obligations to the children from his first marriage. We agree with Pohlmann and conclude that the same thing occurred here. We need not reach the question of whether, under section 61.30(3)(f), support for children from a second marriage should be deducted from gross income when considering the downward modification of child support for children from a first marriage. See section 61.30(12), which addresses specific circumstances, and provides in section (12)(c) that in those circumstances support for subsequent children can only be raised in a proceeding for upward modification of support for children of a prior marriage. Pohlmann (section 61.30(12) prescribes a preference for a child protected by an existing child support order over subsequent children of payor parent); Robinson v. Robinson, 657 So.2d 958 (Fla. 1st DCA 1995) (absent special circumstances, subsequent children will not justify deviation from child support guidelines).

Affmned.

WARNER and GROSS, JJ., concur.