PER CURIAM.
Matthew Hoover appeals a Final Administrative Support Modification Order obligating him to pay $190 per month in child support to Ashley Mitchell. As discussed below, because the Administrative Law Judge (ALJ) hearing the petition failed to comply with statutory requirements, we reverse and remand for the order to be corrected.
The parties separated when their daughter was less than three months old, and the father, Appellant, has since remarried. His wife, a member of the armed forces, is required to relocate frequently, and the father’s employment thus changes frequently. After the father’s most recent relocation, his hourly wage decreased, and the father filed a petition for modification of his child support. During the pendency of the petition, to which the mother, Appel-lee, objected, two intervening events occurred: the father’s wage rose to near its original level, and the father was able to obtain a court-ordered time-sharing plan through which his daughter would reside with him for thirty-eight percent of the year. The Department of Revenue determined not to modify the child support order because of the increased wage, and the father properly sought an administrative remedy.
Both parties attended a hearing at the Division of Administrative Hearings. There, it was determined that a modification was appropriate because of the intervening time-sharing order, and a final support modification order issued. Appellant here challenges several determinations in that order.
Appellant first argues that the ALJ erred in failing to include dental insurance costs in the support calculation. Upon Appellee’s concession of error, we agree. At the hearing, the ALJ accepted the testimony as to the cost of the insurance and indicated the amount would be included in the calculation; it appears the cost was inadvertently omitted from the order. On remand, the calculation of child support should include the expense for dental insurance and credit to Appellant for prepaying the premium. See § 61.30(8), Fla. Stat. (2012).
Appellant next contends that the ALJ improperly calculated child care costs. Appellant suggests the mother’s cost— $100 per month — was falsified; this is a question of credibility on which we defer to the finder of fact. Katherine’s Bay, LLC v. Fagan, 52 So.3d 19, 28 (Fla. 1st DCA 2010). As the record contains competent, substantial evidence to support the mother’s claim, we will not disturb the factual finding.
Appellant also contests the continued expense of $100 per month despite a *496 time-sharing arrangement by which the father has responsibility for the child thirty-eight percent of the time. This issue was presented below, and the ALJ indicated the calculation of basic support included a reduction for the reduced time spent with the mother’s child care provider. However, the statutory calculation procedure requires that the full cost of child care be taken into account only after the basic support obligation has been calculated. § 61.30(ll)(b)l. Thus, the reduction in basic support did not capture any change in child care costs. Appellee suggests we remand for a determination of what the new cost per month is — leaving it to the ALJ to determine whether the monthly cost has been reduced for the time the child spends away from the mother, or whether the cost is fixed regardless of days actually spent in day care. We agree.
Appellant challenges the ALJ’s failure to consider evidence of his child care expenses. Again, the ALJ appears to have been laboring under the assumption that this expense was accounted for as part of the basic obligation. It was not. Appellee concedes error; on remand, the ALJ should determine the father’s monthly cost of child care using the same principles discussed above, and include the expense and a credit for prepayment in the calculation of support.
Finally, Appellant argues that the ALJ erred in failing to award support retroactively. Appellee concedes that retroactive support should have been awarded as of the date of the Proposed Administrative Order to Modify Administrative Support Order, which functioned as the “petition” under section 409.2564(ll)(b), Florida Statutes. § 61.14(ll)(b). The statute appears to make an award of retroactive modification discretionary with the lower tribunal. Id. (“The modification of the temporary support order may be retroactive to the date ... of filing ... [the] supplemental petition for modification.”). However, there is authority from this Court indicating that in some situations, failure to award retroactive support is an abuse of discretion. See Robinson v. Robinson, 657 So.2d 958, 960 (Fla. 1st DCA 1995). Given Appellee’s concession of error, we will not consider whether these cases might be factually distinguishable from the case at hand; instead, we direct the ALJ on remand to calculate retroactive child support using the father’s income for the periods between the date of the Proposed Administrative Order to Modify Administrative Support Order and the date of the order on appeal, and to apply the difference between this amount and the amount actually paid to the father’s retroactive support balance.
For the foregoing reasons, the order on appeal is AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the Division of Administrative Hearings for further proceedings consistent with this opinion.
BENTON, C.J., RAY, and MAKAR, JJ, concur.