# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-774
Lower Tribunal No. 06-10840
_____

## Gracia P. Gimeno,
Appellant/Cross-Appellee,

vs.

## Naltan Rivera,
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Langbein & Langbein and Evan J. Langbein, for appellant/cross-appellee.

Cozen O'Connor and Anaysa Gallardo Stutzman, for appellee/cross-appellant.

Before SHEPHERD, C.J., and SUAREZ and ROTHENBERG, JJ.

SHEPHERD, C.J.

This is an appeal by Gracia Gimeno from a downward modification of Naltan Rivera's child support obligation in a post-paternity modification proceeding, based upon the fact that Rivera has fathered three more children by another woman after having fathered a child with Gimeno. It is settled law that a party moving for a downward modification of child support has the burden of proving (1) a substantial change of circumstances, (2) not contemplated at the time of the final judgment of dissolution or, as in this case, an order determining paternity, (3) that is sufficient, material, involuntary, and permanent in nature. Overbey v. Overbey, 698 So. 2d 811, 814 (Fla. 1997); Burkley v. Burkley, 911 So. 2d 262, 268 (Fla. 5th DCA 2005); Laliberte v. Laliberte, 698 So. 2d 1291, 1293 (Fla. 5th DCA 1997). Begetting a child is not an involuntary act. Absent some special circumstance, the presence of subsequent children will not justify a deviation from child support guidelines. See § 61.12(b), Fla. Stat. (2013); State, Dep't of Revenue v. Feeney, 689 So. 2d 350, 351- 352. (Fla. 2d DCA 1997); Robinson v. Robinson, 657 So. 2d 958, 960 (Fla. 1st DCA 1995).[1]

For the foregoing reason, we reverse the order of the trial court and remand this case for further proceedings consistent with this opinion.

---

[1] Upward modifications of child support are treated differently. See § 61.12(b), Fla. Stat. (2013); Pohlmann v. Pohlmann, 703 So. 2d 1121, 1124 (Fla. 5th DCA 1997).