686 So.2d 664 (1996)
Cindy LIVINGSTON, Appellant,
v.
Dan LIVINGSTON, Appellee.
No. 96-1443.
District Court of Appeal of Florida, First District.
December 12, 1996.
*665 Laura E. Keene of Beroset & Keene, Pensacola, for Appellant.
James L. Chase and Kristen P. Marks, of James L. Chase and Associates, P.A., Pensacola, for Appellee.
PER CURIAM.
Cindy Livingston, the former wife, challenges a final order modifying the amount of child support payable by her former husband, Dan Livingston, the appellee, under a dissolution judgment. The former husband had filed a motion for modification of both child support and alimony, following the termination of his employment and a fifty percent reduction in his salary. The lower court granted a modification of child support retroactive to a date one month following the former husband's loss of income, but denied any modification of alimony. The former wife argues that the trial court erred both (i) in finding that a substantial change in circumstances had been demonstrated on the record which entitled the former husband to a reduction in his child support obligation and (ii) in making the modification retroactive. As to the former issue, we find that competent, substantial evidence in the record does support a finding of a substantial change in circumstances and that the lower court did not otherwise abuse its discretion in ordering a reduction in child support.
We agree, however, that the lower court erred in making the child support modification retroactive. While an increase in child support may be made retroactive at the discretion of the lower court, Butler v. Brewster, 629 So.2d 1092 (Fla. 4th DCA 1994), absent extraordinary or compelling circumstances, see, State ex rel. Pittman v. Stanjeski, 562 So.2d 673, 678 (Fla.1990), a reduction in child support may not be made retroactive. As explained in State, Dept. of Revenue v. Segrera, 661 So.2d 922, 923 (Fla. 3d DCA 1995), "[b]ecause support obligations become vested rights of the payee and vested obligations of the payor at the time payments are due, child support payments [at least so far as a reduction is concerned] may only be modified prospectively and are not subject to retroactive modification." See also, Miller-Bent v. Miller-Bent, 680 So.2d 1119 (Fla. 1st DCA 1996).
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.