687 So.2d 47 (1997)
Garry PETERSON, Appellant,
v.
Sherri Lynn MATHIES, Appellee.
No. 96-2040.
District Court of Appeal of Florida, Fifth District.
January 24, 1997.
Rhonda R. Jerry, Ocala, for Appellant.
No Appearance for Appellee.
*48 HARRIS, Judge.
When the mother failed to pay her court-ordered child support payments, the father moved for an order of contempt. Upon receipt of a copy of the father's motion and notice of the hearing set on it, the mother wrote the trial judge informing him of visitation problems and stating:
I have been sending my girls what money I can, either by money order or by cash. I am not in Florida any more. I am no longer making the money I was or even [close to it] at the moment. I pay all my own bills by myself, because my fiancee is in between jobs.
Although it appears that a copy of this letter might have been sent to the father by a court employee shortly before the contempt hearing, there is no indication that the court would consider a modification of support or visitation at the contempt hearing. He did. Further, not only did the court reduce future support, it also granted a retroactive reduction of $5,173.99 from past arrearages and substantially changed the visitation schedule.
Although the transcript of the hearing is not before us, the father is not challenging the sufficiency of the evidence. He contends rather that the court's consideration of issues neither pleaded nor noticed deprived him of due process of law. We agree and reverse. See State, Department of Health and Rehabilitative Services v. Burns, 654 So.2d 1014 (Fla. 1st DCA 1995) (modification of child support must be specifically requested with notice to adverse party and may not ensue upon motion for contempt). This court has held that notice that a court will consider a child support arrearage does not place a party on notice that the court might modify the child support order. Department of Health and Rehabilitative Services v. Smith, 605 So.2d 1335 (Fla. 5th DCA 1992).
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.