702 So.2d 277 (1997)
STATE of Florida, DEPARTMENT OF REVENUE by and on Behalf of Valerie STRICKLER, Appellant,
v.
Henry STRICKLER, III, Appellee.
No. 97-1549.
District Court of Appeal of Florida, First District.
December 8, 1997.
*278 Joseph R. Boyd and William H. Branch of Boyd, Lindsey, Williams & Branch, P.A.; Chriss Walker, Department of Revenue, Office of Child Support Enforcement, Tallahassee, for Appellant.
No appearance, for Appellee.
PER CURIAM.
This appeal arises out of an order finding the father in contempt for failure to pay child support, but reducing his support arrearage. The mother, through the Department of Revenue, contends the trial court erroneously reduced the arrearage. She also contests the amount of the reduction. We reverse.
Unpaid child support payments constitute a vested right which inures to the benefit of the children, and they cannot be cancelled or reduced retrospectively absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent. State, Dep't of Health and Rehabilitative Serv. v. Burns, 654 So.2d 1014, 1016 (Fla. 1st DCA 1995). The trial court's arrearage reduction was based on the mother's taking dependency exemptions for the parties' children on her 1996 federal income tax return. The final judgment of dissolution granted the father that right.[1] However, the reduction could only have been based on a theory of set-off, an issue never plead, nor noticed, by the father prior to hearing. Since the issue was not tried by consent, the mother was deprived of due process by the trial court's action. See Peterson v. Mathies, 687 So.2d 47, 48 (Fla. 5th DCA 1997). Moreover, there is no record evidence to support the amount of set-off granted, $3,000.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and WOLF, JJ., and CARITHERS, Associate Judge, concur.
NOTES
[1] The final judgment provided that the father and mother were to alternate the federal income tax dependency exemptions for their two children. The mother was entitled to claim the exemptions during the odd numbered years, and the father was allowed the exemptions in the even numbered years.