PER CURIAM.
The State of Florida, Department of Revenue, on behalf of Louise Fisher, challenges an order reducing the child support obligation of Bobby Fisher, appellee. Appellant argues that the trial court erred in denying its motion to dismiss the appel-lee’s petition for modification and in retroactively reducing the appellee’s child support obligation. We find the issue raised regarding the denial of appellant’s motion to dismiss to be without merit. We agree with appellant, however, that the lower court erred in reducing the amount of child support already owed by appellee for the months of September and October 1998 without a finding of extraordinary or compelling circumstances. As a result, we reverse in part and affirm in part.
A reduction in child support may not be made retroactive “absent extraordinary or compelling circumstances.” Barr v. Barr, 724 So.2d 1200 (Fla. 1st DCA 1998); Livingston v. Livingston, 686 So.2d 664 (Fla. 1st DCA 1996); State, Dep’t of Revenue v. Strickler, 702 So.2d 277 (Fla. 1st DCA 1997). In the order on appeal, the trial court made no finding that extraordinary and compelling circumstances were shown by the record. Further, appellee has failed to identify in the record extraordinary and compelling circumstances, such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent, which would justify a retroactive application of a reduction in child support. Strickler, 702 So.2d at 278; State, Dep’t of Revenue v. Thomas, 675 So.2d 1024, 1025 (Fla. 1st DCA 1996), and Ashe v. Ashe, 509 So.2d 1146, 1148 (Fla. 1st DCA 1987).
Accordingly, the order on the supplemental petition for modification is reversed, and the cause is remanded for proceedings consistent herewith.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, MINER AND VAN NORTWICK, JJ., CONCUR.