784 So.2d 582 (2001)
David K. YOCKEY, Appellant,
v.
Sue Ann YOCKEY, Appellee.
No. 4D00-3332.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
Scott Mitchell Fischer and John F. Schutz of Stuart R. Manoff, P.A., West Palm Beach, for appellant.
Craig A. Boudreau, West Palm Beach, for appellee.
WARNER, C.J.
This appeal arises from a final judgment modifying child support. The father had *583 petitioned to modify the amount of unallocated child support after his oldest child reached the age of majority. While reducing the amount of child support, the trial court refused to make the reduction retroactive to the date when the petition was filed. Because the father was not obligated to pay child support subsequent to the child attaining the age of majority, we reverse the order of the trial court.
The trial court relied on Livingston v. Livingston, 686 So.2d 664 (Fla. 1st DCA 1996), which we conclude is not controlling. In Livingston, the court held that a downward retroactive modification was impermissible absent extraordinary or compelling circumstances. 686 So.2d at 665. However, the trial court modified the award as of the date of the changed circumstances, rather than from the date of the filing of the petition. Moreover, that case did not deal with a child reaching the age of majority.
In State, Department of Revenue v. Segrera, 661 So.2d 922, 923 (Fla. 3d DCA 1995), the court held that where unallocated child support is ordered for multiple children, a paying parent must continue to pay the full support obligation until the motion for modification based on one of the children reaching the age of majority is filed and acted upon by the court. Segrera relies on State, Department of Health & Rehabilitative Services v. Carwell, 524 So.2d 484, 485 (Fla. 2d DCA 1988), which in turn relies on Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). In Raybuck, the court held that, "absent compelling circumstances or a valid defense, a trial court lacks authority to retrospectively cancel or reduce past due child support payments." 451 So.2d at 541-42 (emphasis added). A child attaining the age of majority is a defense to the payment of child support. In State ex rel. Pittman v. Stanjeski, 562 So.2d 673, 678 (Fla.1990), the court listed three equitable defenses to an action to collect past due child support. One of those defenses included the fact that the child had reached the age of majority. If age of majority can be an equitable defense to an action for collection of past due child support, then it is also a reason for modification of the unallocated amount of child support retroactive to the date of the filing of the petition.
The ground for refusing to retroactively modify child support is based upon the concept that such rights become vested once the payment date is past. Puglia v. Puglia, 600 So.2d 484, 485 (Fla. 3d DCA 1992). However, where a child has reached the age of majority, as a matter of law, no support is further owing for that child. Once the petition is filed, the rights and obligations attendant to child support should not be deemed vested. The paying parent should not have been required to continue paying support he or she did not lawfully owe simply because it may take several months or longer for the court to hear his or her petition. A retroactive modification is thus warranted. To hold otherwise would encourage the receiving parent to engage in unnecessary delay and litigation to prolong the payment of support.
We conclude that the court abused its discretion in denying retroactive reduction of child support to the date of the filing of the petition for modification, which was filed after the child attained the age of majority. We certify conflict with Segrera.
Reversed with directions to provide retroactive reduction of the child support obligation to the date of the filing of the petition.
GROSS and HAZOURI, JJ., concur.