805 So.2d 1085 (2002)
Noralyn MILES, Appellant,
v.
J. Brooks CHAMPLIN, Appellee.
No. 1D01-1809.
District Court of Appeal of Florida, First District.
February 1, 2002.
*1086 Laura E. Keene, Esquire of Beroset and Keene, Pensacola, for Appellant.
Appellee, pro se.
BENTON, J.
The final judgment dissolving his marriage to Noralyn Miles required J. Brooks Champlin to make child support payments, which included a child care cost component. See § 61.30(7), Fla. Stat. (1993). Ms. Miles now appeals a subsequent order reducing the amount of the payments. We affirm.
The order under review made the reduction in child support payments effective as of the date Mr. Champlin filed his petition for modification alleging that Ms. Miles was no longer paying for day care. At the hearing on the petition, it was uncontroverted that the children had not incurred day care expenses for at least two years before the petition was filed.
A trial court may "modify an order of support ... by increasing or decreasing the support ... retroactively to the date of the filing of the action or supplemental action for modification as equity requires." § 61.14(1)(a), Fla. Stat. (2001). Any other rule might encourage tactics designed to delay final disposition of a petition. But Ms. Miles relies on State, Department of Revenue v. Fisher, 738 So.2d 512, 513 (Fla. 1st DCA 1999), State, Department of Revenue v. Strickler, 702 So.2d 277, 278 (Fla. 1st DCA 1997), Livingston v. Livingston, 686 So.2d 664, 665 (Fla. 1st DCA 1996), State, Department of Health and Rehabilitative Services v. Burns, 654 So.2d 1014, 1016 (Fla. 1st DCA 1995), and Ashe v. Ashe, 509 So.2d 1146, 1148 (Fla. 1st DCA 1987), in contending that no such reduction was allowed in the First District before section 61.14(1)(a) was amended. See Ch.2001-158, § 10, at 1296-97, Laws of Fla. We believe a better reading of the cited authorities limits them to precluding (in the ordinary case) diminution of child support retroactively to a date before any petition for reduction had been filed.
On this basis, we conclude that the trial court did not abuse its discretion in ordering a reduction in child support retroactive to the date Mr. Champlin filed the petition for modification, and providing him incremental recovery by prospective offsets over a period of thirty-five months. See Miller-Bent v. Miller-Bent, 680 So.2d 1119, 1121 (Fla. 1st DCA 1996) (finding that the trial court abused its discretion in reducing child support retroactive to the date of the filing of an out-of-state petition for modification because the husband presented no evidence "that the instant case [wa]s merely a continuation of [the out-of-state] proceeding"); see also Brock v. Brock, 695 So.2d 744, 745 (Fla. 1st DCA 1997); Robinson v. Robinson, 657 So.2d 958, 960 (Fla. 1st DCA 1995); Barrs v. Barrs, 590 So.2d 980, 981 (Fla. 1st DCA 1991). Cf. Yockey v. Yockey, 784 So.2d *1087 582, 583 (Fla. 4th DCA 2001). Under the statute, after the amendment as before, a trial court has discretion to make a reduction of child support retroactive to the date the petition for modification was filed, whenever "equity requires." § 61.14(1)(a), Fla. Stat. (2001).
Affirmed.
DAVIS and BROWNING, JJ., CONCUR.