PER CURIAM.
Appellant seeks review of an order modifying a final judgment of dissolution of marriage. Because the trial court erred in reducing the amount of past due child support by one-half, we reverse and remand with instructions for the trial court to award the entire arrearage to the former wife. The amount should also be corrected to reflect any credit that the trial court determines is due the former husband as a result of overpayments.
In 1990, the parties entered into a separation agreement that included provisions for child support. On July 25, 1990, the trial court rendered a final judgment of dissolution of marriage that incorporated the separation agreement. On April 27, 2000, the former husband filed a petition seeking to modify the judgment to obtain custody of one of the two minor children and to modify child support as a result. The former wife counter-petitioned, contending that under the terms of the separation agreement, the former husband owed past due child support. The parties subsequently agreed that the minor son would reside with the former husband and that the support obligation would be modified accordingly from that point forward. Following a hearing, the trial court granted the former wife’s counter-petition for past due support. The court determined that only one-half of the arrearage would be awarded to the former wife, however, because she would now have custody of only one of the two children. This was error.
The support obligations of the former husband under the separation agreement that was incorporated into the final judgment of dissolution of marriage became the vested rights of the payee at the time the payments were due. See Livingston v. Livingston, 686 So.2d 664 (Fla. 1st DCA 1996); Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987). A reduction in child support that is already owed may not be made absent a finding of extraordinary or compelling circumstances. Dep’t of Revenue v. Fisher, 738 So.2d 512 (Fla. 1st DCA 1999). Here, the trial court did not make a finding of extraordinary or compelling circumstances before reducing the arrearage by one-half.
In addition, the trial court erred in failing to award to the former wife pre and post judgment interest on the arrearage. See Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992); Applegate v. Applegate, 566 So.2d 865 (Fla. 1st DCA 1990). On remand, the court should determine the appropriate amount of interest. The judgment is affirmed in all other respects.
*311 AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DAVIS, PADOVANO and LEWIS, JJ., concur.