VAN NORTWICK, J.
Elizabeth Ann Conway, the Former Wife, appeals the trial court’s Final Order awarding her $31,850.85 in additional alimony, but declining to award her prejudgment interest or attorney’s fees. As explained below, we affirm the additional alimony award, but reverse and remand on the issues of prejudgment interest and attorney’s fees.
The Former Wife filed a motion to enforce the terms of a Marital Settlement Agreement (MSA) that was incorporated in the Final Judgment of Dissolution of *927 Marriage between her and Michael Warren Conway, the Former Husband, entered in September 2004. Under the MSA, the Former Husband was required to pay the Former Wife 30% of “any bonuses he receives” in 2004, and 20% of any bonuses received each year thereafter as long as his alimony obligation persisted.
Here, the parties agree that resolution of the ease is largely determined by what the parties meant in using the terms “bonus” and “receives” in the MSA. The MSA does not provide whether the Former Wife’s share of the Former Husband’s bonuses should be calculated from his gross or net bonus. The Former Wife argues that “bonus” refers to the gross, pre-tax compensation the Former Husband was paid by his employer, and that “receives” means the gross, pre-tax bonus earned by the Former Husband. By calculating her share from the net bonuses, the Former Wife argues that the Former Husband had significantly underpaid her. The Former Husband argues that “bonus” refers to his net, after-tax remuneration, and that “receives” relates to the money that actually reaches his pocket, because he does not “receive” the amounts withheld from his bonus, which are transferred directly to the government.
This court reviews a trial court’s interpretation of an MSA, as with any contract, under the de novo standard of review. Delissio v. Delissio, 821 So.2d 350, 353 (Fla. 1st DCA 2002). When interpreting a contract, a court should ascribe terms their plain meaning and attempt to place itself as close as possible to the position occupied by the parties at the time the contract was executed, keeping in mind the goal to be accomplished by the agreement. Id. This court has stated that a latent ambiguity occurs in a contract when “the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.” Duval Motors Co. v. Rogers, 73 So.3d 261, 265 n. 2 (Fla. 1st DCA 2011). Furthermore, we have observed that a contract’s silence on the parties’ rights can create a latent ambiguity. Southern Crane Rentals, Inc. v. City of Gainesville, 429 So.2d 771, 773 (Fla. 1st DCA 1983).
Parol evidence may be admitted to “explain, clarify, or elucidate the ambiguous term.” Strama v. Union Fidelity Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001). Once it is determined that parol evidence is necessary to establish the parties’ intent, the court’s finding as to intent is a question of fact. Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 566 (Fla. 1st DCA 2000). A trial court’s findings of fact are reviewed to determine whether they are supported by competent substantial evidence. Hunter v. State, 87 So.3d 1273, 1275 (Fla. 1st DCA 2012). When evaluating intent as to an ambiguous portion of a contract, the court must look to the parties’ “subsequent acts, and the circumstances existing at the time of entering into the contract or the modification.” Russell v. Gill, 715 So.2d 1114, 1116 (Fla. 1st DCA 1998).
Although the MSA appears straightforward and clear after initial reading, the parties’ conflicting interpretations indicate an unanticipated ambiguity. See Duval Motors, 73 So.3d at 265 n. 2. Therefore, the trial court acted appropriately in looking to parol evidence to determine the proper construction in accord with the parties’ original intent.
The trial court heard testimony and argument from both parties as to their intent in drafting the MSA. The trial court also looked to the parties’ conduct follow- *928 mg their divorce. After weighing all the evidence, the trial court found that the parties intended that the Former Wife’s share of the Former Husband’s bonuses be deducted from his net bonus. There was competent substantial evidence to support this finding, such as testimony that the Former Wife took the checks provided to her without protest for many years. The record also contains evidence that for at least two of the years, the Former Wife was in possession of documentation as to the Former Husband’s gross and net bonus amounts, as well as the check representing her additional alimony. Thus, it can reasonably be inferred that she could have ascertained how her additional alimony was being calculated relatively easily, and object to the method if she thought it did not comport with her understanding of the MSA.
There was also competent substantial evidence that the Former Husband underpaid the Former Wife $28,140.85 in additional alimony. The record also reflects that the Former Husband received a $65,000 bonus in 2006 from which he should have paid the Former Wife $8,710, although he actually paid her nothing. The sum of these two amounts is $81,850.85, the amount the trial court ordered the Former Husband to pay the Former Wife. Thus, we affirm the trial court’s interpretation of the MSA, as well as the amount of the additional alimony awarded to the Former Wife.
The second issue on appeal is whether the trial court erred in declining to award the Former Wife prejudgment interest on her additional alimony award. A trial court’s decision on whether or not to award prejudgment interest is reviewed under the de novo standard. Wood v. Unknown Personal Representative of Estate of Burnette, 56 So.3d 74, 76 (Fla. 2nd DCA 2011). We have consistently reversed trial court orders that fail to award prejudgment interest on support arrearages. See Miller v. Miller, 679 So.2d 858 (Fla. 1st DCA 1996); Nelson-Higdon v. Higdon, 680 So.2d 524 (Fla. 1st DCA 1996); Thurman v. Thurman, 637 So.2d 64, 65 (Fla. 1st DCA 1994).
In this case, the trial court did not elaborate in its Final Order as to why it was declining to award any prejudgment interest. The fact that the trial court awarded the Former Wife an amount she was owed from the Former Husband’s bonuses indicates that she had a right to the amounts she was underpaid each year. See Ulander v. Ulander, 824 So.2d 309, 310 (Fla. 1st DCA 2002) (where we reversed a trial court’s failure to award prejudgment interest on a former husband’s support arrear-age, stating that a support obligation enshrined in a final judgment dissolution of marriage becomes a vested right of the payee when the payments are due). Accordingly, we conclude that the trial court erred in failing to grant the Former Wife prejudgment interest on her additional alimony award.
Lastly, we turn to the question of whether the trial court erred by not awarding prevailing party attorney’s fees to the Former Wife pursuant to the MSA. The Florida Supreme Court has explained that “the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). This court has held that “a party may recover attorney’s fees as the prevailing party, if statute or contract so provides.” Bessey v. Difilippo, 951 So.2d 992, 995 n. 6 (Fla. 1st DCA 2007). Moreover, a trial court lacks the discretion to decline to enforce a prevailing party attorney’s fees award once one party is deemed to have prevailed under the contract. Tierra *929 Holdings, Ltd. v. Mercantile Bank, 78 So.3d 558, 568 (Fla. 1st DCA 2011). Paragraph 8.02 of the MSA states, “[i]n any action to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.”
Here, the MSA provides for an award of attorney’s fees to the prevailing party in an action to enforce the MSA. The Former Wife brought a motion to enforce the MSA. The central issue below was whether the Former Wife was due additional alimony from the Former Husband pursuant to the MSA. The trial court found that the Former Wife was entitled to over $30,000 in additional alimony from the Former Husband. Thus, we conclude that the Former Wife was the prevailing party on the significant issue of the underlying action. Accordingly, the trial court erred when it concluded that neither party prevailed and denied the Former Wife attorney’s fees under the MSA.
We AFFIRM the trial court’s award of additional alimony to the Former Wife, but REVERSE the trial court’s decision not to award her prejudgment interest and attorney’s fees as the prevailing party, and REMAND with instructions for the trial court to calculate an appropriate amount of prejudgment interest on the additional alimony award, as well as attorney’s fees for the Former Wife.
LEWIS and SWANSON, JJ., concur.