HARRIS, C.M., Senior Judge.
The conflict between the parties arose out of a non-compete agreement. The parties went to mediation and resolved the issue in a confidential mediation settlement agreement (MSA). This agreement contained a provision for a “stipulated injunction” and permitted an award of attorney’s fees to the prevailing party in “any action arising out of or relating 'to this Agreement.”
The court entered a Stipulated Final Judgment Entering Final Injunction and then an Amended Final Judgment Entering Final Injunction. The court’s judgment included more or less as a preamble, “the parties, having entered into a Mediation Settlement Agreement settling the above action and under which they have stipulated to entry of the Amended Stipulated Final Judgment Entering Final Injunction .... ”
Subsequently, Appellee filed a Motion for Enforcement Of Amended Stipulated Final Judgment, alleging that Appellant had violated the injunction and sought an order to show cause why Appellant should not be adjudicated in contempt of court, as well as the imposition of certain sanctions. The show cause order was granted. Appellant moved to dismiss Appellee’s motion. After a hearing, the court granted Appellant’s motion. Appellant then moved for an award of attorney’s fees pursuant to the provision in the MSA. The trial court granted Appellant’s motion for attorney’s fees.
Appellee argued that the court lacked authority to grant the motion for attorney’s fees since the MSA was not incorporated in the Amended Stipulated Final Judgment that Appellee had attempted to enforce. The trial judge agreed, finding that “[t]he Court’s Stipulated. Amended Final Judgment did not incorporate by reference the parties’ Mediation Settlement Agreement and did not provide for attorney’s fees.” The court also found that Appellee’s attempted enforcement was done under the authority of the court’s contempt power and not under the provisions of the MSA.
On appeal, Appellant argues that the court misconstrued its authority to award attorney’s fees pursuant to the MSA by finding that the MSA was not incorporated within its Judgment. We agree. While there was no specific incorporation by “reference” of the MSA into the Stipulated Final Judgment, it was the primary authority for the final judgment and was thus incorporated by implication. There would have been no reason for the show cause order but for the MSA stipulated injunction. Appellee was attempting to enforce by contempt the terms of the MSA and was unsuccessful.
*793 We reverse and remand to the trial court to reconsider the issue of attorney’s fees. Cf Sure Fill & Seal, Inc. v. GFF, Inc., 2011 WL 1296630, *3 (M.D.Fla. March 31, 2011) (“Despite Plaintiffs’ argument to the contrary, it is clear that Defendant’s Motion for Attorneys’ Fees originates directly from Paragraph 7 of the Settlement Agreement.... Plaintiffs contend that the instant motion is not an attempt to enforce the Settlement Agreement, when in fact it is exactly that — the Defendant brought the motion to enforce Paragraph 7 of the Settlement Agreement in order to recuperate its reasonable attorneys’ fees for its previous successful Motion to Enforce the Settlement Agreement.”); Conway v. Conway, 111 So.3d 925, 928-29 (Fla. 1st DCA 2013) (“[A] trial court lacks the discretion to decline to enforce a prevailing party attorney’s fees award once one party is deemed to have prevailed under the contract.... Paragraph 8.02 of the MSA states, ‘[i]n any action to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.’ ” (citation omitted)).
REVERSED AND REMANDED.
EVANDER and LAMBERT, JJ., concur.