# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2771

_____

PATRICK SMITH,

    Appellant,

    v.

CAITLYN SMITH, n/k/a Caitlin
Cleveland,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

June 7, 2019

PER CURIAM.

Patrick Smith (the father) challenges an order requiring him to pay nearly $40,000 in retroactive child support to Caitlyn Cleveland (the mother). He also challenges the trial court's related attorney's-fee order. We affirm.

## I.

The parties married, had two children, and later divorced. The consent final judgment of dissolution granted the mother majority timesharing and set the father's child support at $1100 per month. This amount was a "substantial deviation" from the statutory guidelines, with the judgment explaining "[s]aid deviation is justified by the [father's] payment for 100 percent of the

transportation costs for his visitation." (The father lived in Florida; the final judgment authorized the mother to move out of state, where she had obtained employment.)

In 2018, the mother filed a supplemental petition seeking a timesharing modification and a retroactive child-support adjustment. The petition alleged that the father failed to exercise most of his timesharing and therefore never utilized the transportation credit the final judgment anticipated. The father counter-petitioned, seeking majority timesharing.

While the petitions were pending, the mother filed a "Verified Motion to Suspend [Father's] Summer Timesharing Pending Further Court Order and Request for Expedited Relief." In the motion, the mother sought to modify the summer timesharing and to "establish a child support arrearage based on [the father's] credit for transportation for visitation he did not exercise." The court held an evidentiary hearing on the mother's motion, during which the father acknowledged he had exercised only a fraction of his timesharing. Later in the hearing, the court said that some "financial adjustment" needed to be made based on the father's lack of timesharing.

The court entered an order on the mother's motion. The court found that, based on his lack of timesharing, the father had underpaid his child support since the entry of the consent final judgment. The court used the father's then-current financial affidavit to find that he had the ability to pay more child support. The court looked to the child-support guidelines to determine the amount the father would have paid had he not been given the credit for transportation costs. The court then entered a $39,612.30 retroactive child-support award and ordered the father to pay that over time. The court also ordered the father to pay $3000 in attorney's fees.

## II.

The father now raises three issues. First, he argues that the court did not have authority to enter the retroactive child-support award because the court entered its order on the mother's motion rather than her supplemental petition. Second, he argues that the court abused its discretion in entering the retroactive award. And

2

third, he argues that the court abused its discretion by awarding attorney's fees.

## A.

As to his first issue, the father correctly notes that the Florida Family Law Rules of Procedure require that a request to modify a final judgment be initiated through a supplemental petition rather than a motion. *See* Fla. Fam. L. R. P. 12.110(h); *see also Thomas v. Harris*, 634 So. 2d 1136, 1136-37 (Fla. 1st DCA 1994) ("A court cannot modify a judgment unless the issue of modification is properly presented to it by appropriate pleadings and each party is given an opportunity to respond and a hearing had with the necessary proof adduced."). But here, the retroactive adjustment *was* raised in the mother's petition. The father was on notice that the issue was before the court, and to the extent he now argues that only the motion and not the petition was noticed for the hearing, he has not preserved that argument for appeal. *Cf. Bryan v. Bryan*, 765 So. 2d 829, 831 (Fla. 1st DCA 2000) (concluding that issue not raised in petition was nonetheless tried by consent); Fla. Fam. L. R. P. 12.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated in all respects as if they had been raised in the pleadings.").

## B.

The father's second argument fails too. The court did not abuse its discretion in establishing the retroactive award. Before a court can modify child support, it must first find a substantial change in the circumstances. *See Van Looven v. Van Looven*, 100 So. 3d 148, 149 (Fla. 1st DCA 2012). In this case, section 61.30, Florida Statutes, supports the conclusion that there was a substantial change in circumstances:

> A parent's failure to regularly exercise the time-sharing schedule set forth in the parenting plan, a court-ordered time-sharing schedule, or a time-sharing arrangement exercised by agreement of the parties not caused by the other parent which resulted in the adjustment of the amount of child support pursuant to subparagraph (a)10 or paragraph (b) shall be deemed a substantial change of

circumstances for purposes of modifying the child support award.

§ 61.30(11)(c), Fla. Stat. This section governs here. The final judgment provided for a deviation from the guidelines pursuant to subparagraph (a)10., and the court held that the father failed to regularly exercise his child support. Thus, the court did not need to make a further, explicit finding that there had been a substantial change in circumstances.

Next, the court needed to determine a starting date for the retroactive child-support obligation. The father correctly notes that modifications are generally retroactive to the date of the supplemental petition. *See Miles v. Champlin*, 805 So. 2d 1085, 1087 (Fla. 1st DCA 2002). But section 61.30(11)(c) provides an exception to that general rule, allowing retroactivity "to the date the noncustodial parent first failed to regularly exercise the court-ordered or agreed time-sharing schedule." In this case, the court determined that the father never regularly exercised his timesharing. The parties' testimony supported this determination.

Finally, the court properly utilized the child-support guidelines to calculate how much the father would have paid without considering transportation costs. The court also found that the father had the ability to pay that amount based on his current financial affidavit. We find no abuse of discretion.

C.

Last, we affirm as to the attorney's fees because the asserted error was not raised through a rehearing motion. "[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014).

AFFIRMED.

ROBERTS, KELSEY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John M. Merrett, Jacksonville, for Appellant.

Chanda L. Rogers of Faltemier Rogers, PLLC, Fernandina Beach, for Appellee.