DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA JANANN FINE,**
Appellant,

v.

**CLIFFORD TRAVIS FINE,**
Appellee.

No. 4D20-395

[November 25, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502018DR010151.

Michael S. Bendell of Michael Bendell, P.A., Boca Raton, for appellant.

Stacey D. Mullins of GrayRobinson P.A., Boca Raton, for appellee.

GROSS, J.

This is an appeal from an amended final judgment dissolving the parties' marriage. Prior to entry of the final judgment, the parties announced certain stipulations on the record regarding life insurance and other expenses pertaining to their minor children. The trial court failed to include these stipulations in both the final judgment and amended final judgment.

On appeal, the former wife argues that the trial court reversibly erred by omitting the stipulations from the final judgment. We find that this issue is not preserved because the former wife did not move for rehearing or otherwise bring the error to the trial court's attention. *See Smith v. Smith*, 273 So. 3d 1168, 1171 (Fla. 1st DCA 2019) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal."). The former wife asserts that she was not required to file a motion for rehearing in order to preserve this issue for appeal, relying on this court's decision in *Fox v. Fox*, 262 So. 3d 789 (Fla. 4th DCA 2018). However, *Fox* does not apply because that case involved a trial court's failure to make statutorily required

findings under Chapter 61. We therefore affirm on this issue without prejudice for the former wife to seek relief under Florida Family Law Rule of Procedure 12.540(b)(1).

We do, however, hold that the trial court erred by failing to include a specific provision regarding the children's health insurance, as required by section 61.13(1)(b), Florida Statutes (2019). Section 61.13(1)(b) provides, in relevant part:

> Each order for support shall contain a provision for health insurance for the minor child when health insurance is reasonable in cost and accessible to the child. . . . [T]he court shall apportion the cost of health insurance, and any noncovered medical, dental, and prescription medication expenses of the child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6).

Here, the final judgment fails to address health insurance for the minor children as well as their noncovered medical, dental, and prescription medication expenses. Although the parties stipulated that such out-of-pocket expenses would be split 65 percent to the former husband and 35 percent to the former wife, this stipulation was not included in the final judgment or amended final judgment. Accordingly, we remand with directions for the trial court to include language in the amended final judgment addressing health insurance for the minor children, as well as their non-covered medical, dental, and prescription medication expenses, and to allocate responsibility for such expenses between the parties.

*Affirmed in part; Remanded in part with directions.*

CIKLIN and CONNER, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**