# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2377
Lower Tribunal No. 03-1740

_____


**Dulce Schuenzel,**
Appellant,

vs.

**John Schuenzel,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David H. Young, Judge.


Mary Raymond, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.


Before SCALES, LOBREE and BOKOR, JJ.

SCALES, J.

Dulce Schuenzel (the "Former Wife") appeals a trial court order that grants the motion of John Schuenzel (the "Former Husband") to distribute funds derived from the sale of the parties' house. We affirm the trial court's factual determinations relating to the distribution of the proceeds because they are supported by competent substantial evidence. We dismiss for lack of jurisdiction that portion of the Former Wife's appeal challenging the trial court's determination that the Former Husband is entitled to attorney's fees, and we reverse that portion of the order granting the Former Husband entitlement to prejudgment interest and remand the issue to the trial court to properly calculate the interest amount.

## I. Relevant Background

The parties were divorced in 2003, and their marital settlement agreement (the "MSA") was adopted by the trial court as part of the final dissolution decree. Pursuant to the MSA, the Former Wife was required to make the mortgage, insurance, and tax payments on the couple's home. Despite the Former Wife's obligation to make these payments pursuant to the terms of the MSA, the Former Husband, to protect his credit, made multiple such payments from July 2006 until March 2010.

The record reflects that, after the parties' divorce, the Former Wife and the parties' son lived in the house until approximately July 2008, when the

they moved out of the house and the parties began renting the house. After the house was sold in 2016, the net proceeds from the sale ($275,105.68, after certain court-ordered disbursements) were held in trust by the Former Husband's attorney. The Former Husband's motion sought, among other things, an order authorizing his counsel to distribute the sale proceeds to the parties, with the trial court making appropriate adjustments that would take into consideration the mortgage, insurance, and tax payments the Former Husband had made.

The Former Wife asserted below that the Former Husband was not entitled to a credit for such payments, that the Former Wife was entitled to all of the rental proceeds derived from the parties' rental of the house, and that the Former Wife had made certain repairs to the house for which she should be credited.

The trial court conducted a multi-day evidentiary hearing and, on July 9, 2019, entered a detailed order that directed the Former Husband's counsel to distribute $175,303.89 of the funds to the Former Husband. The trial court's order found that the Former Husband had made mortgage, insurance, and tax payments totaling $66,558.42 for which the Former Wife was responsible pursuant to the MSA. The order determined that the Former Husband was entitled to prejudgment interest on this $66,558.42, though not

3

from the 2006-2010 period during which the Former Husband had made the payments, but starting from July 2008, the date the tenant moved into the house. The order also determined the Former Husband was entitled to attorney's fees based on the default provision of the MSA, but did not affix an amount of fees. The trial court denied the Former Wife's motion for rehearing. The Former Wife timely appeals both orders.

## II. Issues on Appeal

On appeal the Former Wife makes four arguments. First, she argues that she was not afforded due process because the Former Husband's distribution motion did not adequately put her on notice that the trial court would adjust distribution payments based upon the Former Husband's mortgage, insurance, and tax payments. Second, she argues that the trial court erred by attributing only half of the rent collected to the Former Wife. Third, she argues that the trial court erred by awarding prejudgment interest to the Former Husband for the total amount of his mortgage, insurance, and tax payments. Fourth, the Former Wife argues that the trial court erred by determining the Former Husband was entitled to attorney's fees for the Former Wife's breach of the MSA.

## III. Analysis

Without further elaboration, we conclude both that the Former Wife was afforded due process, and that the trial court's distribution determinations were supported by competent substantial evidence. We thereby dispose of the Former Wife's first two arguments.

We next address that portion of the trial court's order determining that the Former Husband is entitled to attorney's fees based on the default provision in the MSA. Because the trial court's order merely grants entitlement to fees, without liquidating the amount of such fees, we lack jurisdiction to adjudicate this issue and dismiss the appeal without prejudice to the Former Wife timely appealing any final order awarding fees to the former husband. Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018).

Finally, we are compelled to reverse that portion of the trial court's order determining that the Former Husband is entitled to prejudgment interest on the $66,558.42 in mortgage, insurance, and tax payments, with such interest accruing from "July 2008 when the tenant moved into the house." Our *de novo* review[1] of the record indicates that the Former Husband

---

[1] Our standard of review of an award of prejudgment interest is *de novo*. Conway v. Conway, 111 So. 3d 925, 928 (Fla. 1st DCA 2013).

made these payments – which were required by the MSA to be made by the Former Wife – between July 2006 and March 2010.

The purpose of prejudgment interest is to make the plaintiff whole from the date of the loss, to compensate him for losing the use of his money during that period. Catalfumo v. Catalfumo, 704 So. 2d 1095, 1100 (Fla. 4th DCA 1997). Once the finder of fact sets the amount of damages, "the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due." Capitol Env't Servs., Inc. v. Earth Tech, Inc., 25 So. 3d 593, 597 (Fla. 1st DCA 2009). Hence, prejudgment interest on the Former Husband's mortgage, insurance, and tax payments should be calculated separately for *each payment.* These calculations should be based on the date of each payment made by the Former Husband that, pursuant to the terms of the MSA, should have been made by the Former Wife.[2]

---

[2] The order on appeal does not calculate or quantify the prejudgment interest to which the former husband is entitled. Rather, it states, in relevant part, as follows: ". . . said interest shall be calculated by counsel for the Former Husband and sent to counsel for the Former Wife within 30 days of the entry of the instant Order." Hence, the trial court obviously intends to enter a separate order that authorizes the distribution of additional funds to the Former Husband for prejudgment interest. Unlike an order merely granting entitlement to attorney's fees – which is not appealable, see discussion *supra* – an order granting entitlement to prejudgment interest may be appealed, and the entitlement determination may be reviewed, if it is clear from the face of the order that entitlement to prejudgment interest has been determined.

Affirmed in part; dismissed in part; reversed in part and remanded with instructions.

See Westgate Miami Beach, LTD v. Newport Operating Corp., 55 So. 3d 567, 574-75 (Fla. 2010).