IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM A. HOHNS, MARCELLUS
RAMBO BENSON, JR., KATHLENE
HOHNS, JORDAN J. REARDON,
PATRICK HOHNS, AND MARK F.
BERNARD,

      Appellants,

 v.                              Case No.  5D21-3143
                                      LT Case No. 05-2016-CA-021071-X

JOE LEE THOMPSON,

      Appellee.

_____/

Opinion filed October 14, 2022

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Mayanne Downs, Jason Alec
Zimmerman, Jeff Aaron, of
GrayRobinson, P.A., Orlando, and
Ted Craig, of GrayRobinson, P.A.,
Miami, for Appellants.

Michael R. Riemenschneider and
Jeffrey L. DeRosier, of
Riemenschneider, Wattwood &

DeRosier, P.A., Melbourne, for Appellee.

SASSO, J.

William A. Hohns, Marcellus Rambo Benson, Jr., Kathlene Hohns, Jordan J. Reardon, Patrick Hohns, and Mark F. Bernard (collectively "the Toyosity defendants") appeal the order granting summary judgment in favor Joe Lee Thompson ("Thompson"). The Toyosity defendants present several arguments on appeal, including that the trial court erred in applying a nonexistent requirement for enforcement of a promissory note between William A. Hohns and Thompson. As explained below, we agree with the Toyosity defendants on this point and find it dispositive. As a result, we reverse the judgment in favor of Thompson and remand for entry of final judgment in favor of the Toyosity defendants.

## BACKGROUND AND FACTS

In February 2013, Thompson and William A. Hohns ("Hohns") formed Toyosity, LLC to manufacture, market, and sell a toy invented and patented by Thompson called the Surfer Dude ("the toy"). The following month, Thompson and Hohns executed the Toyosity Operating Agreement, which provided they were equal members of the company and required Thompson to assign the patents and the intellectual property to Toyosity.

2

A few months after forming the company, Thompson was injured and unable to work. As a result, Hohns agreed to loan Thompson $50,000. To memorialize the agreement, the parties executed a promissory note, secured by Thompson's interest in Toyosity. Under the terms of the note, Hohns was to provide Thompson $5,000 per month, from June 3, 2013, until March 3, 2014, and Thompson was required to repay in full by December 31, 2014. As to the possibility of default, the note provided, in pertinent part:

> In the event *Borrower* shall fail to pay the aggregate principal balance remaining together with all interest due on or before December 31, 2014, *Borrower* will promptly, with an effective date no later than December 31, 2014, transfer to *Holder* that portion of *Borrower's* equity interests in Toyosity, LLC . . . .
>
> *Borrower* hereby authorizes *Holder* to effect any such transfer of *Borrower's* equity interests in Toyosity, LLC, as determined in accordance with this *Note*, on the books and records of Toyosity, LLC, on or after December 31, 2014, without any further action on the part of *Borrower*. *Borrower* waives any requirement of notice setting forth, or presentment of notice of, any default to so effect, such transfer, either contemplated or as transferred, be provided to *Borrower*.

On July 1, 2013, Marcellus Rambo Benson, Jr. ("Benson"), joined Toyosity, obtaining a 5% interest in the company. Benson's ownership in Toyosity diluted both Thompson's and Hohns' interests in Toyosity to 47.5% each. With Hohns and Benson together having a majority share, they voted Thompson off as a managing member of the Board. Then, as the sole manager, Hohns initiated a capital call of $425,000. The capital call required

Thompson to pay $201,875, which he did not pay. Hohns ultimately paid Thompson's share of the money, and he converted the loan to a capital contribution, thus divesting Thompson of substantially all of his ownership interest in the company, leaving him with approximately 4%. Thereafter, Thompson began engaging in what the Toyosity defendants characterized as "a series of detrimental acts intended to disparage Toyosity."

These events—the addition of Benson as a managing member and Thompson's actions purportedly disparaging Toyosity—led to two relevant lawsuits.

### Orange County Case

First, and in April 2014, Toyosity filed a complaint against Thompson in the circuit court in and for Orange County for temporary and permanent injunctive relief based on Thompson's actions. During the pendency of litigation, and on December 31, 2014, Thompson defaulted on the note. During a two-day trial that followed, Toyosity introduced evidence to support its request for injunctive relief as well as evidence regarding the note and Thompson's default. Specifically regarding the note, Hohns testified about the terms of the note, that Thompson collateralized 100% of his interest in Toyosity, that Thompson did not repay any part of the loan, and that Thompson no longer held any membership interest in the company.

4

The following day, while Thompson was presenting his evidence, he acknowledged on the stand that he had accepted all of the $5,000 payments from Hohns pursuant to the note but he did not make any payments under the note. After the trial, the Orange County court entered its final judgment of injunction ("Orange County final judgment"). Within that order, the court found "Thompson's failure to repay the note on maturity resulted in the loss of his interest in Toyosity" and that, as a result of the breach, "his interest in Toyosity was properly transferred to Hohns in accordance with the Promissory Note." The final judgment further determined that because of the valid and enforceable assignment of Thompson's intellectual property rights in the toy to Toyosity, "Thompson does not have any interest in the intellectual property rights in the Surfer Dudes toy, including its protected trademark and trade dress." Thompson did not appeal the Orange County final judgment.

Brevard County Case

Undeterred, Thompson next filed suit in circuit court in and for Brevard County in April 2016, which gives rise to this appeal. The operative complaint seeks one count of declaratory relief and one count of "relief pursuant to paragraph 6.8 of the operating agreement." Both counts rest on the allegation that Thompson was unlawfully divested of his interest in Toyosity.

Ultimately, the parties filed competing summary judgment motions. Thompson argued the transfer of 5% interest to Benson and the capital call were done in violation of the Operating Agreement and were null and void. He alleged those actions made it "untenable" to pay the note. Thompson's prayer for relief included a request for a declaration that he is a fifty-percent owner in Toyosity, along with associated fees and costs.

By contrast, the Toyosity defendants argued that they were entitled to summary judgment for several reasons, including that Thompson's claims were barred by the doctrines of collateral estoppel and res judicata, that he lacked standing to bring the claim, and, regardless and separately, that summary judgment was appropriate as a matter of law because Thompson was no longer a member of Toyosity due to his default on the note.

At the hearings on the parties' motions for summary judgment, the trial court presented a question unraised and unaddressed by the parties' pleadings: whether Hohns had filed a lawsuit as a result of Thompson's failure to pay the note. Counsel for the Toyosity defendants explained that Hohns had filed no such suit, and after answering additional questions, the hearing proceeded.

Following the hearings, the trial court entered an order on the competing motions for summary judgment. The trial court found Hohns

6

violated the terms of the Operating Agreement with the transfer of ownership interest to Benson and with the capital call, concluding both actions were null and void. Regarding the note, the trial court determined the undisputed facts established that Thompson was required to repay the note on December 31, 2014, and had failed to do so. Nonetheless, the court ultimately determined that Thompson retained a 50% interest in Toyosity, reasoning that a note has a five-year statute of limitations, that Hohns had until December 31, 2019, to bring an action on the note, and that Hohns had failed to do so. As a result, the trial court entered a final judgment granting Thompson's motion for summary judgment and denying the Toyosity defendants' motion for summary judgment.

On rehearing, the Toyosity defendants challenged, inter alia, the court's determination that Thompson retained his interest in Toyosity due to Hohns' failure to file a lawsuit on the note. In support, the Toyosity defendants explained that the plain language of the note provides the mechanism by which Thompson's interest was transferred to Hohns. The Toyosity defendants further emphasized that section 679.609(1)(a), Florida Statutes, supports that transfer, as that section provides that a secured party may take possession of collateral without judicial process if it proceeds

7

without breach of the peace. The motion was denied in an unelaborated order, and this appeal followed.

STANDARD OF REVIEW

Summary judgment is appropriate if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Lloyd S. Meisels, P.A. v. Dobrofsky*, 341 So. 3d 1131, 1134 (Fla. 4th DCA 2022). "In applying the amended rule [1.510, Florida Rule of Civil Procedure (2021)], 'the correct test for the existence of a genuine factual dispute is whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (citation omitted). We review the order de novo. *Fernandez v. Cruz*, 341 So. 3d 410, 412 (Fla. 3d DCA 2022).

ANALYSIS

While the Toyosity defendants argue the trial court erred in several respects, we find it necessary to address only one: the trial court erred in granting summary judgment in favor of Thompson because it incorrectly determined that Thompson retained his interest in Toyosity due to Hohns' failure to file a lawsuit enforcing the note. To the contrary, long-standing Florida law as applied to the undisputed facts presented in the Brevard

8

County case demonstrate that Thompson had been divested of his interest in Toyosity by virtue of his default under the note.

Section 679.609, Florida Statutes, provides that, after default, a secured party may take possession of the collateral without judicial process "if it proceeds without breach of the peace." § 679.609(1)(a), (2)(b), Fla. Stat. Section 679.610 then provides for the disposition of collateral after default, providing a party "may" sell, lease, license, or otherwise dispose of the collateral. Alternatively, a secured party in possession of the debtor's collateral may, after default, propose to retain the collateral in satisfaction of the obligation. *See* § 679.620(1), Fla. Stat. Together, these statutory provisions empower secured creditors to take possession of collateral after a debtor's default without the necessity of filing suit. *See Spellman v. Indep. Bankers' Bank of Fla.*, 161 So. 3d 505, 507 (Fla. 5th DCA 2014) (noting that "a secured creditor's transfer of collateral, such as stock, to the creditor itself, does not constitute a disposition"). This privilege to "self-help repossession" existed in Florida long before statutes were enacted to regulate it. *See, e.g.*, *Northside Motors of Fla., Inc. v. Brinkley*, 282 So. 2d 617 (Fla. 1973).

The implication of the statutory language is clear—Hohns was not required to file a lawsuit in order to enforce the note. Despite the Toyosity

defendants bringing this to the trial court's attention at the first opportunity,[1] the trial court denied the Toyosity defendants' motion for summary judgment and granted Thompson's, finding the lack of a lawsuit meant Thompson's interest did not transfer and the statute of limitations had run for Hohns to do so. This was error.

The plain language of the note undermines the trial court's determination as well. Under the terms of the note, the parties agreed to the transfer of Thompson's ownership interest without court intervention, should Thompson default, and Thompson ultimately defaulted during the pendency of the Orange County case. And at all times in the Brevard County case, the Toyosity defendants contended Thompson's interest transferred to Hohns. Thompson has never disputed that fact.[2] He did not raise it as an issue in his

---

[1] We therefore reject Thompson's argument that this issue is unpreserved for appellate review. Because the trial court injected this issue, sua sponte, the first opportunity for the Toyosity defendants to address the argument was in their motion for rehearing. Having done so, they properly preserved the argument for review. *See Smith v. Smith*, 273 So. 3d 1168, 1171 (Fla. 1st DCA 2019) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via motion for rehearing or some other appropriate motion in order to preserve it for appeal.").

[2] Instead, Thompson's own affidavit stated that rather than repay the note, he instituted legal action to "recover [his] ownership interest" and argued if "he had not been illegally diluted to near nothing, he was ready, willing and able to pay the money he owed to Hohns."

operative complaint, nor did he raise it in his response to the Toyosity defendants' motion for summary judgment, which stated: "As evidenced by the statements of undisputed material facts in [Thompson's] cross-motion for summary judgment, there is simply no dispute regarding the dispositive issue in this case—[Thompson] lost his interest in the company on December 31, 2014, when he defaulted on a note."

Thompson's attempts to challenge the undisputed nature of the transfer of his interest in his answer brief and during oral argument fall short. The issue presented in this appeal is whether the trial court erred in denying the Toyosity defendants' motion for summary judgment and entering judgment in favor of Thompson. In the proceedings below, Thompson did not seek any relief or a determination under the note. By contrast, the Toyosity defendants affirmatively sought summary judgment on the basis that Thompson's interest transferred after the default, which Thompson did not dispute. With this material fact undisputed, the Toyosity defendant's motion was properly supported. If Thompson believed there was a material issue of fact precluding summary judgment on that issue, it was his obligation to demonstrate that, such as by submitting evidence of the type that he now argues is lacking on appeal. *See* Fla. R. Civ. Pro. 1.510(c) (2021) (delineating procedure by which a party asserting that a fact cannot be or is

11

genuinely disputed must support the assertion); *see also Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fid. Life Ins. Co.*, 958 F.2d 836, 838 (8th Cir.1992) ("[T]he [non-movant] must present affirmative evidence in order to defeat a properly supported motion for summary judgment." (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986))).

In sum, the undisputed facts establish that Hohns was entitled, both under the statute and under the terms of the note, to take possession of Thompson's interest after the default. It was error for the court to conclude a lawsuit was required. And because the issue was not disputed by Thompson, the court should have granted summary judgment in favor of the Toyosity defendants. As a result, we reverse the judgment in favor of Thompson and remand for entry of final judgment in favor of the Toyosity defendants. *See Principal Life Ins. Co. v. Halstead*, 310 So. 3d 500, 504 (Fla. 5th DCA 2020).

REVERSED and REMANDED with instructions.

WALLIS and EDWARDS, JJ., concur.